IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANET SCHWANINGER, *as Administratrix of the Estate of Elizabeth Schaaf, Deceased,* | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 15-858 JPG/PMF ) |
| HYUNDAI MOTOR COMPANY, *a foreign Corporation,et al.,* | ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defects in the jurisdictional allegations of the complaint (Doc.1) filed by the plaintiff:

- **Failure to allege the citizenship of decedent.** A complaint asserting diversity jurisdiction must allege the citizenship of individual parties. 28 U.S.C. § 1332(a)(1). Where a suit is brought on behalf of the estate of a decedent, the citizenship of the legal representative of the estate shall be deemed to be that of the decedent. 28 U.S.C. § 1332(c)(2); *see Gustafson v. zumBrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008)**;** *Konradi v. United States*, 919 F.2d 1207, 1214 (7th Cir. 1990). Complaint does not allege the decedent's citizenship prior to death.

- **Failure to allege the citizenship of a corporation.** A corporation is a citizen of both the state of its principal place of business <u>and</u> the state of its incorporation. 28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party. Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry.*

*Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994).  Plaintiff has not stated the principal place of business of each defendant.

The Court hereby **ORDERS** that the plaintiff, shall have up to and including, August 21, 2015 to amend the faulty pleading to correct the jurisdictional defect.  *See* 28 U.S.C. § 1653. Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction.  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Plaintiff is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: August 7, 2015**

*s/J. Phil Gilbert*
**U.S. DISTRICT JUDGE**