IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANET SCHWANINGER as Administratrix of the Estate of ELIZABETH SCHAAF, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MOTOR COMPANY, *et al.*,<br><br>Defendants. | Case No. 3:15-cv-00858-JPG-RJD |

### DEFENDANT HYUNDAI MOBIS CO., LTD.'S MOTION TO DISMISS

Defendant Hyundai Mobis Co., Ltd. ("Mobis") moves to dismiss, with prejudice, all claims against it based on the two-year statute of limitations applicable to Illinois Wrongful Death and Survival Act claims and for failure to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6).

### Preliminary Statement

Plaintiff Janet Schwaninger ("Plaintiff") seeks damages allegedly stemming from the death of her granddaughter, Elizabeth Schaaf ("Decedent"), who died in a rollover car accident on August 6, 2013. Plaintiff states claims for strict products liability and negligence against all defendants. But ***Plaintiff's claims against Mobis are untimely and insufficiently pled***, and for both of these reasons, should be dismissed with prejudice.

First, Plaintiff's claims against Mobis are untimely because ***Plaintiff did not name Mobis as a defendant until after the statute of limitations had expired***. Here, the statute of

limitations applicable to all of Plaintiff's claims lapsed two years after Decedent's accident. But Plaintiff did not name Mobis as a defendant until August 10, 2015—four days after the statute of limitations' expiration. Plaintiff's failure to name Mobis as a defendant within the limitations period is, by itself, fatal to her claims.

Second, Plaintiff's claims against Mobis are insufficiently pled because they contain ***nothing more than a threadbare recital of the elements*** of her causes of action. The sum and substance of Plaintiff's allegations are that: 1) Decedent died in a car accident while she was the passenger in a Hyundai Accent; and 2) *something* in the design, assembly, engineering, or manufacture of the Hyundai Accent or one of its many components *must* therefore have been defective. Am. Compl. ¶ 143. Even if the first allegation is true, the second is simply a conclusory statement that fails to meet the level of specificity required by the applicable pleading standard. Base speculation cannot form the basis of a properly pleaded complaint, and Plaintiff's claims against Mobis should therefore be dismissed for failing to state a claim.

## Background

Decedent suffered fatal injuries in a car accident in Colorado on August 6, 2013. Compl. ¶¶ 1, 31, Doc. 1. Plaintiff Schwaninger, the independent administratrix of Decedent's estate, filed her Complaint on August 4, 2015. Mobis, however, was not named in that complaint. *Id.* Plaintiff named Mobis as a defendant for the first time in her Amended Complaint, which was filed on August 10, 2015. *See* Am. Compl., Doc. 7.

Plaintiff brings this action under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*, and the Illinois Survival Act, 755 ILCS 5/27-6. Am. Compl. at ¶¶ 4, 54, alleging two causes of action, strict product liability (Count VII) and negligence (Count VIII), against certain "Airbag Defendants," including Mobis, for alleged defects and negligence involving the vehicle's front passenger side airbag system. Plaintiff resides in Dow, Illinois. *Id.* at ¶¶ 2, 3.

**Argument**

I.    **The Two-Year Statute of Limitations Has Lapsed**

All of Plaintiff's claims against Mobis should be dismissed with prejudice because Mobis was named as a defendant after the statute of limitations applicable to Plaintiff's claims expired. And nothing in the record indicates that the Amended Complaint should relate back to the original Complaint's filing date.

    *a. Plaintiff Did Not Timely Amend the Complaint to Add Mobis as a Defendant.*

A federal court exercising diversity jurisdiction, as this Court is, applies the choice-of-law rules of the state in which it sits. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). Under the choice-of-law rules of Illinois, statutes of limitation are considered procedural in nature. *Kalmich v. Bruno*, 553 F.2d 549, 553 (7th Cir. 1977). Therefore, Illinois courts apply their own statutes of limitation. *See, e.g.*, *Hollander v. Brown*, 457 F.3d 688, 692, 694 (7th Cir. 2006).

The Illinois Wrongful Death Act provides that "[e]very such action shall be commenced within 2 years after the death of such person . . . ." 740 ILCS 180/2. Under the circumstances of this case, an action under the Illinois Survival Act is also governed by a two-year statute of limitations. 735 ILCS 5/13-209; 735 ILCS 5/13-202; *Black v. Key Safety Sys., Inc.*, No. 09 C 3988, 2009 WL 2992547, at *2 (N.D. Ill. Sept. 15, 2009). The statute of limitations under the Wrongful Death Act accrues on the date of death. 740 ILCS 180/2; *Wyness v. Armstrong World Indus., Inc.*, 546 N.E.2d 568, 571 (Ill. 1989); *Young v. Minton*, No. 5-15-0268, 2016 WL 6267953, at *3 (Ill. App. Ct. Oct. 24, 2016) ("Where an individual's injuries are caused by a sudden traumatic event, the cause of action accrues, and the statute of limitations begins to run when the injury occurred." (quoting *Beetle v. Wal-Mart Assoc., Inc.*, 326 Ill. App. 3d 528, 537 (2001)). Plaintiff's claims against Mobis are brought under the Illinois Wrongful Death Act and Illinois Survival Act.

Here, the statute of limitations applicable to both of Plaintiff's claims against Mobis expired on August 6, 2015—two years after Decedent died. But Plaintiff did not name Mobis as a defendant in this action until August 10, 2015—four days after the statute of limitations had elapsed. Because Plaintiff's claims against Mobis are untimely, they should be dismissed with prejudice. *See Hill v. Caratachea*, No. 12-C-5702, 2013 WL 3233465, at *1 (N.D. Ill. June 26, 2013) (dismissing action as time-barred because it was filed one day after the statute of limitations had expired and noting that "[a] statute of limitations confers rights on putative defendants; judges cannot deprive those persons of entitlements under a statute.") (quoting *Lee v. Cook Cnty*, 635 F.3d 969, 972 (7th Cir. 2011)).

> b. Plaintiff's Amended Complaint Does Not Relate Back to the Original Complaint.

Plaintiff might suggest that the Amended Complaint relates back to the original complaint. But Illinois law only permits relation back under certain limited conditions:

> (1) the time prescribed or limited had not expired when the original action was commenced;
>
> (2) the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and
>
> (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading . . . .

735 ILCS 5/2-616(d). Illinois' statute is substantively the same as Federal Rule of Civil Procedure 15(c)(1), and Illinois courts refer to federal cases for guidance. *See, e.g.*, *Maggi v. RAS Dev., Inc.*, 949 N.E.2d 731, 741 (Ill. App. Ct. 2011).

Subsection (2) of § 2/616(d) regarding notice and mistake precludes relation back in this case. Courts must determine at the outset whether the plaintiff would have named the new defendant in the original complaint *but for* a mistake concerning the identity of the proper party. *See* Maggi, 949 N.E.2d at 740 (finding confusion about related "RAS" corporate entities).

The U.S. Supreme Court recently held that the operative question is whether the added defendant knew or should have known that it would have been named as a defendant but for an error. *Krupski v. Costa Crociere S.p.A.*, 130 S.Ct. 2485, 2493 (2010). In that case, plaintiff had mistakenly named the wrong entity, Costa Cruise. After the limitations period passed, that entity notified plaintiff that it was not the proper defendant and that Costa Crociere was the actual carrier and vessel operator.

The Supreme Court held that plaintiff's amended complaint could relate back as the original complaint made clear that Krupski meant to sue the company that "owned, operated, managed, supervised and controlled" the ship. *Id.* at 2497. The relationship between the proper defendant and the named defendant "heighten[ed] the expectation that Costa Crociere should suspect a mistake has been made when Costa Cruise is named in a complaint that actually describes Costa Crociere's activities." *Id.* The Court found it possible that plaintiff misunderstood crucial facts about the two companies' identities, "[e]specially because the face of the complaint plainly indicated such a misunderstanding." *Id.*

In this case, the original complaint listed two defendants as "Airbag Defendants": Key Safety Systems, Inc. and Key Automotive of Florida, Inc. Compl. ¶ 29, Doc. 1. These Airbag Defendants allegedly designed, tested, engineered, approved, manufactured, assembled, supplied, marketed, distributed, and sold front passenger side airbag systems and their components for incorporation into Hyundai Accent vehicles. The complaint also named Hyundai Motor Company and other parties as "Hyundai Defendants." *Id.* at ¶ 9. The Hyundai Defendants allegedly designed, tested, engineered, approved, manufactured,

assembled, supplied, marketed, distributed, and sold the Hyundai Accent and its components that are the subject of this litigation.

Mobis was added as an "Airbag Defendant" in the amended complaint.[1]  *See* Am. Compl. ¶ 41, Doc. 7.  Both Key Safety Systems and Key Automotive of Florida are still named, and both remain in this action.  The allegations and Counts VII and VIII against the Airbag Defendants are the same as those in the original complaint pertaining to the front passenger side airbag systems.  *Id.* at ¶¶ 42, 141–150, 151–170.  Likewise the allegations and Counts I and II against the separate "Hyundai Defendants" are the same.  *Id.* at ¶¶ 11, 47–56, 57–80.  Mobis is not named among the Hyundai Defendants.

The original Complaint makes clear that Plaintiff meant to sue the parties responsible for the front passenger side airbag systems.  Plaintiff named two Airbag Defendants, Key Safety Systems and Key Automotive of Florida, in her original Complaint, and they both remain in the case.  In other words, Plaintiff meant to sue Key Safety Systems and Key Automotive of Florida, and she continues to sue them.  There is therefore no indication that Plaintiff mistook the identity of Defendant Hyundai Mobis Co., Ltd. for Key Safety Systems and Key Automotive of Florida.

Mobis, Key Safety Systems, and Key Automotive of Florida are not related corporate entities with similar names, as were Costa Cruise Lines and Costa Cociere.  *Cf. Joseph v. Elan Motorsports Tech. Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011) (noting that the defendants Elan Inc. and Elan Corp. were managed out of the same office and the confusing similarity of the names "doubtless contributed" to the plaintiff's error); *Brown v. SportsArt Am., Inc.*, No. 10 C 6818, 2012 WL 5304157, at *3 (N.D. Ill. Oct. 25, 2012) (finding confusion on the face of the complaint between defendants SportsArt America and SportsArt Industrial).  The amended complaint states that Mobis's principal place of business is in Seoul, South Korea, while those of Key Safety Systems and Key Automotive of Florida are in

---

[1] Several other parties affiliated with Hyundai Mobis Co., Ltd. were also added, but have since been dismissed. *See* Doc. 94.

Sterling Heights, Michigan, and Lakeland, Florida, respectively. *See* Am. Compl., Doc. 7, ¶¶ 32–34. In addition, unlike the defendants in *Krupski*, Mobis and the other two Airbag Defendants are not represented by the same counsel. Mobis is a separate entity and does not share legal departments or counsel with either Key Safety Systems or Key Automotive of Florida. *See* Affidavit of Jaekoo Kang ("Kang Aff."), Ex. A., ¶¶ 6, 9.

That Mobis shares the *Hyundai* name with Hyundai Motor Company and the Hyundai Defendants does not suggest mistake, because Mobis is not sued as one of the Hyundai Defendants in Counts I and II. Rather, Mobis is being sued only as an Airbag Defendant, showing that Plaintiff only developed her theories as to Mobis's alleged role after the statute of limitations had elapsed. In any event, Mobis is a separate entity from, and does not share legal departments with, Hyundai Motor Company or any of the Hyundai Defendants. *See* Kang Aff., ¶ 7. Mobis therefore could not have been made aware that Plaintiff had mistakenly named the wrong defendants and intended to sue Mobis instead. *See Joseph*, 638 F.3d at 555 (holding that, following *Krupski*, the crucial inquiry is "whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead of or in addition to suing the named defendant").

Accordingly, this Court should reject any argument made by Plaintiff that her Amended Complaint relates back to the original Complaint in this action. Mobis should therefore be dismissed from this action as the Amended Complaint was filed after the statute of limitations on Plaintiff's claims had lapsed.

### II. Plaintiff's First Amended Complaint Fails to State a Claim

Mobis also moves to dismiss the strict-liability and negligence claims against it in Counts VII and VIII for failure to state a claim upon which relief can be granted under Rule 12(b)(6). When stripped of the conclusory language in the Complaint, Plaintiff's allegations concern the overall design, assembly, and testing of the vehicle and other components for

which Mobis was not responsible.  The only allegations that focus specifically on the front passenger side airbag system are so speculative and implausible that they completely fail to put Mobis on notice of the claims against it.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012).  The complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff need not provide detailed factual allegations, but must provide enough factual support to raise her right to relief above a speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claims must be described "in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570) .  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient under Rule 12(b)(6).  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal quotations and citation omitted).

Here, most of Plaintiff's allegations have no connection to the Accent's airbags.  For example, Plaintiff alleges that the seatbelt did not adequately restrain the Decedent and the door latch was defectively designed.  Am. Compl. ¶¶ 83, 113, Doc. 7.  Plaintiff further alleges that the Accent's overall design and packaging was inadequate to protect occupants during rollovers.  *Id.* at ¶ 49.  Specifically, the seatbelt system permitted "unreasonable and excessive excursion of occupants in rollover accidents."  *Id.*  The door and door-latch system allowed the door to open, "creating a *portal of ejection* when subjected to foreseeable crash forces."  *Id.* (emphasis added).  Plaintiff makes only the vaguest of allegations relating to the vehicle's

airbags: the front passenger side airbag system "was not crashworthy," "lacked reasonable rollover crashworthiness protections," and its "overall design and 'packaging' was inadequate to protect occupants during rollovers." *Id.* at ¶ 143.

The allegations that actually refer to the Accent's airbags are vague, conclusory, or otherwise insufficient to support Plaintiff's claims. For example, many of Plaintiff's allegations focus on the purported interactions between components. Plaintiff alleges that the Airbag Defendants "had a duty to design the Subject Airbag System such that it worked in conjunction with other vehicle components to minimize the risks of full or partial ejection during rollover." *Id.* at ¶ 157. The Airbag Defendants, Plaintiff contends, "knew their product had to work in unison with other vehicle components but failed to design it to do so." *Id.* at ¶ 159.

Plaintiff also alleges that the airbag system "improperly activated the door latch system, failed to retain occupants inside the vehicle, and/or caused occupants to be ejected from and/or trapped outside the vehicle when subject to foreseeable crash forces." *Id.* at ¶¶ 143, 159. But these conclusory allegations are totally inadequate to support a claim against Mobis, as they are highly speculative and contradictory. Indeed, these are precisely the kinds of allegations that are "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *See St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (holding "a district court should dismiss a complaint if 'the factual detail is so sketchy'") (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). To state a claim for strict product liability, a plaintiff must *plead actual facts* showing her injuries resulted from a defective condition unreasonably dangerous to the user. *Suvada v. White Motor Co.*, 32 Ill.2d 612, 621, 623 (Ill. 1965) (citing § 402A of the Restatement of the Law of Torts, May 1964), *overruled on other grounds, as recognized by Dixon v. Chicago & North Western Transp. Co.,* 151 Ill.2d 108, 123 (1992) ("The *Suvada* court's pronouncement that indemnity *is* available to a party that is itself negligent is clearly contradicted by the *Frazer* [*v. A.F.*

*Munsterman, Inc.*, 123 Ill. 2d 245 (1988)] holding. *Suvada*'s holding on the indemnity issue was thus impliedly overruled by *Frazer*.").

But here, Plaintiff alleges only that the airbag system was "defective," "unreasonably dangerous," and "not crashworthy." This conclusory language does not give Mobis fair notice of what the claims are and the grounds upon which they rest. Likewise, Plaintiff's complaint is replete with conclusory language that simply restates the elements of a negligence claim: the Airbag Defendants "had a duty to design," "negligently designed," "failed to exercise reasonable care," and "breached various duties." Am. Compl. at ¶¶ 157, 158. These, again, are only recitals of the elements of the cause of action, *i.e.*, conclusory language that does not state a claim. See *Iqbal*, 556 U.S. at 678.

The remainder of the allegations do not concern the airbag system itself. Plaintiff alleges that the Accent rolled over; the seatbelt system permitted the "unreasonable and excessive excursion of occupants in rollover accidents;" and the door and door-latch system allowed the door to open "creating a portal of ejection." Such allegations must be assumed to be true, *see, e.g.*, *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002), yet they have nothing to do with the airbag system for which Mobis is allegedly liable. They concern other components of the vehicle. Put simply, Plaintiff's Complaint does not meet even the most liberal reading of the pleading standard under Rule 8. The claims against Mobis should therefore be dismissed.

## Conclusion

WHEREFORE, the two-year statutes of limitations that apply to Plaintiff's Wrongful Death and Survival Act claims lapsed before Mobis was added to the amended complaint and the allegations against Mobis fail to state a claim upon which relief can be granted. Defendant Hyundai Mobis Co., Ltd. respectfully requests that all claims against it be dismissed with prejudice, and for such other and further relief as the Court deems just and proper.

Dated: December 16, 2016

                        Respectfully submitted,

                        HEPLERBROOM LLC

                        By: /s/ Benjamin J. Wilson
                        Benjamin J. Wilson # 63329
                        hbasb@heplerbroom.com
                        Noel L. Smith, Jr. # 6275947
                        noel.smith@heplerbroom.com
                        211 N. Broadway, Suite 2700
                        St. Louis, MO 63102
                        Phone: (314) 241-6160
                        Fax: (314) 241-6116

                        - and -

                        Carlos M. Lazatin (*pro hac vice*)
                        O'MELVENY & MYERS LLP
                        clazatin@omm.com
                        400 South Hope Street
                        Los Angeles, CA 90071
                        Phone: (213) 430-6000
                        Fax: (213) 430-6407

                        - and -

                        Daniel J. Franklin (*pro hac vice*)
                        O'MELVENY & MYERS LLP
                        dfranklin@omm.com
                        7 Times Square
                        New York, NY 10036
                        Phone:  (212) 236-2000
                        Fax: (212) 236-2061

                        *Attorneys for Hyundai Mobis Co., Ltd.*

## CERTIFICATE OF SERVICE

I, Benjamin J. Wilson, an attorney, certify that a true and correct copy of the foregoing Motion to Dismiss was filed through the Court's e-filing system, on this 16th day of December, 2016, and thereby served on all parties of record.

By: /s/ Benjamin J. Wilson
*Attorney for Hyundai Mobis Co., Ltd.*