IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANET SCHWANINGER as Administratrix of the Estate of ELIZABETH SCHAAF, Deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:15-cv-00858-JPG-RJD<br>) |
| HYUNDAI MOTOR COMPANY, *et al.*, | )<br>) |
| Defendants. | ) |

## ORDER

DALY, Magistrate Judge:

Now before the Court are multiple discovery disputes in need of resolution. This is a product liability wrongful death action proceeding under the Court's diversity jurisdiction. According to the complaint, on August 6, 2013 Elizabeth Schaaf suffered fatal injuries in a rollover vehicle accident. When the incident occurred Schaaf was sitting in the front passenger seat of a 2007 Hyundai Accent travelling west bound on Interstate 70 in Colorado. Plaintiff now brings this action against the various corporate entities associated with the design, manufacture and sale of the vehicle, vehicle door latches, seatbelts and airbags.

Plaintiff filed her complaint on August 4, 2015 (Doc. 1) and she now proceeds on her first amended complaint. (Doc. 7). Defendants Hyundai Mobis, Co., Ltd. and Autoliv Corporation have since filed motions to dismiss asserting that the Court lacks personal jurisdiction. (Docs. 107 and 147, respectively). Because this lawsuit was filed in the United States District Court for the Southern District of Illinois, Illinois state law regarding personal jurisdiction is controlling. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Hyundai Mobis, Co., Ltd. later filed an amended motion to dismiss (Doc. 161) that withdrew the personal

1

jurisdiction argument, but it still seeks dismissal on basis that the suit is time barred under the two year statute of limitations and that the plaintiff fails to state a claim pursuant to Rule 12(b)(6).

Additionally, an amended scheduling and discovery order was entered (Doc. 157) that restricts discovery to the personal jurisdiction issue. Written discovery among the parties not challenging jurisdiction shall continue, but the parties agreed to stay the taking of any depositions not related to the personal jurisdiction question. Plaintiff and defendant Autoliv Corporation were also granted leave to file supplemental memoranda as to the motion to dismiss and response in opposition.

Several discovery disputes have now arisen as plaintiff and defendant Autoliv Corporation conduct discovery related to personal jurisdiction. A discovery dispute telephone conference was held on December 21, 2016 The Court will address the four discovery disputes in turn.

First, there is a disagreement between plaintiff and Autoliv Corporation as to whether plaintiff may seek discovery regarding the jurisdictional contacts of both Autoliv Corporation and its related American Autoliv entities, including its American parent company "Autoliv, Inc." Discovery shall be restricted to information regarding contacts by Autoliv Corporation only, as that entity is the only defendant

Second, plaintiff served Autoliv Corporation interrogatories and requests for production that related to product testing, warning and labeling. Autoliv Corporation objected to these requests on the basis that they are unrelated to the personal jurisdiction issue. The parties reached an agreement that the plaintiff could seek discovery as to product testing, warning and labeling *but only as to* Autoliv Corporation and its predecessor corporate entity.

Third, plaintiff served Autoliv Corporation interrogatories and requests for production that sought information for the United States as a whole; i.e., the written discovery was not solely focused on Illinois. The Court overrules Autoliv Corporation's objections and holds that the plaintiff may seek information regarding the United States market as a whole *but only as to* Autoliv Corporation and its predecessor corporate entity.

Fourth, plaintiff and Autoliv Corporation disagree as to the appropriate temporal scope of the personal jurisdiction related discovery. The parties reached an agreement that the plaintiff may seek discovery relating to product testing, warning and labeling from 2004 through 2007 (vehicle manufacturing date). Discovery may be sought on other personal jurisdiction related issues from 2007 (vehicle manufacturing date) through 2013.

IT IS SO ORDERED.

**Dated: January 19, 2017**

> *s/ Reona J. Daly*
> **REONA J. DALY**
> **UNITED STATES MAGISTRATE JUDGE**