IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANET SCHWANINGER *as* *Administratrix of the Estate of* *ELIZABETH SCHAAF, deceased*, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 3:15-cv-00858-JPG-RJD<br>) |
| HYUNDAI MOTOR CORPORATION, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

ORDER

DALY, Magistrate Judge:

This matter is before the Court for scheduling purposes and to resolve two discovery disputes. The discovery dispute involves written discovery served on Defendant Autoliv Corporation from Plaintiff Janet Schwaninger. This is a personal injury products liability action involving a 2007 Hyundai Accent automobile. Autoliv Corporation (not to be confused with the other "Autoliv" corporate entities) is a Korean corporation that manufactures automobile safety components (seatbelts, specifically), that are used in Hyundai vehicles. After Schwaninger initiated this action, Autoliv Corporation filed a motion to dismiss arguing lack of personal jurisdiction. Autoliv Corporation states in its motion that it has "no continuous or systematic connection to the State of Illinois" and that it "did not manufacture the allegedly defective seatbelt system with a view to selling, marketing, or distributing it in Illinois." (Doc. 147, p. 2). According to Autoliv, the seatbelt was "manufactured in Hwaseong, South Korea and shipped to a plant of the vehicle manufacturer, Hyundai, in Ulsan, South Korea." *Id*.

The current discovery dispute involves jurisdiction related discovery. On April 26, 2017, the Court held a discovery dispute telephone conference to discuss the issue. The first discovery dispute involves Schwaninger's Request for Production No. 9, which seeks a "small sample (approximately 5 documents) of communications regarding seat belts that were exchanged between Autoliv Corp/Autoliv Mando (Korea) and Autoliv ASP (which is registered to do business in Illinois)." As noted by one leading treatise, "special problems are presented when jurisdiction over a defendant is justified by a related entity's contacts with the forum" and "[t]he very nature of these often difficult issues makes their resolution extremely fact dependent." Application of Modern Jurisdictional Principles—Contacts by Related Entities, 4A Wright & Miller, Federal Practice and Procedure § 1069.4 (4th ed.). Here, the documents requested may be probative as to whether Autoliv Corporation "deliver[ed] its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980). Autoliv Corporation's objections are overruled.

The second discovery dispute involves Schwaninger's Interrogatory No. 7, which seeks "[p]rofits made on the sale of the Hyundai Accent seatbelt and/or costs charged to Hyundai for such belts." Again, this question may be probative as to whether personal jurisdiction in Illinois is proper. Autoliv Corporation need not provide profit information, but it shall provide Schwaninger information pertaining to costs charged to Hyundai for the seatbelts that were sold.

Due to these delays in the jurisdiction related discovery schedule, the briefing schedule is amended as follows. Autoliv Corporation shall provide these discovery responses to Schwaninger no later than **May 25, 2017**. Schwaninger may file a supplemental response to

Autoliv Corporation's motion to dismiss no later than **June 15, 2017**. Autoliv Corporation may then file a reply brief no later than **June 29, 2017**.

    **IT IS SO ORDERED.**

    **DATED:**  <u>**May 4, 2017.**</u>

                              <u>*s/Reona J. Daly*</u>
                              **REONA J. DALY**
                              **UNITED STATES MAGISTRATE JUDGE**