UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JANET SCHWANINGER,

Plaintiff,

v.                                                          Case No. 15-cv-858-JPG-RJD

HYUNDAI MOTOR COMPANY,*et al.*,

Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion to dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6) filed by defendant Hyundai Mobis Co., Ltd. ("Hyundai Mobis") (Doc.

161).   Hyundai Mobis argues that plaintiff Janet Schwaninger has sued it beyond the statute of

limitations and that she has failed to state a claim against it.   Schwaninger has responded to the

motion (Doc. 165), and Hyundai Mobis has replied to that response (Doc. 168).

## I.       Background

Schwaninger brings this suit in her capacity as administrator of the estate of Elizabeth

Schaaf, her deceased granddaughter.   Schaaf died as the result of injuries she suffered in a

rollover traffic accident on August 6, 2013, on Interstate 70 in Colorado.   At the time of the

accident, Schaaf was a passenger in the front seat of a 2007 Hyundai Accent.

Schwaninger alleges that Hyundai Mobis, a South Korean corporation, and/or related

Hyundai subsidiaries "designed, tested, engineered, approved, manufactured, assembled,

supplied, marketed, distributed, and sold front passenger side airbag systems and their components

for incorporation into Hyundai Accent vehicles."   First Am. Compl. ¶¶ 42, 43.   She believes the

airbags were defective and caused Schaaf's injuries and subsequent death.   First Am. Compl.

¶¶ 141-170.   Schwaninger sues Hyundai Mobis for strict products liability (Count VII) and

negligence (Count VIII).

Hyundai Mobis believes Schwaninger filed this suit too late because she did not name Hyundai Mobis as a defendant until the First Amended Complaint, which she filed on August 10, 2015, after the expiration of the two-year statute of limitations period.  Schwaninger contends her late complaint relates back to the original Complaint, filed August 4, 2015, so is timely.

Hyundai Mobis also argues that Schwaninger has failed to plead sufficient facts to state a claim against it.  Schwaninger believes her factual pleading is sufficient.

## II.      Standard For Dismissal

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).  Hyundai Mobis challenges the sufficiency of Schwaninger's factual pleading under this standard.

This fairly lenient pleading standard, however, will not prevent dismissal of a complaint that pleads too much.  A case can be dismissed because a complaint pleads facts establishing that

the defendant is entitled to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998); *Soo Line R.R. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997); *see Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (dismissal appropriate when party pleads facts establishing defense to his claim). This is what Hyundai Mobis claims Schwaninger has done with respect to the statute of limitations.

The Court notes, as a preliminary matter, that both parties have attached to their filings matters outside the pleadings. When such material is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may treat the motion to dismiss as a motion for summary judgment or it may exclude the additional material from consideration. *See* Fed. R. Civ. P. 12(d). In this case, the Court declines to consider the additional materials and will consider this motion as it was captioned, under Rule 12(b)(6), without consideration of the additional materials.

**III.    Analysis**

A.    <u>Statute of Limitations</u>

Hyundai Mobis argues that Schwaninger has pled facts showing that her claim against it was brought beyond the statute of limitations and that it does not relate back to the timely filing of the original complaint. Schwaninger concedes that her original, timely filed complaint does not name Hyundai Mobis as a defendant, but argues that her First Amended Complaint, which names Hyundai Mobis, relates back to her original pleading.

Both parties agree that Illinois law provides the appropriate limitations period, two years from the time of Schaaf's injury and death on August 6, 2013. *See* 740 ILCS 180/2 (wrongful death); 735 ILCS 5/13-202 (personal injury); 735 ILCS 5/13-209(a) (survival action). They also agree that Schwaninger's Complaint, which was filed on August 4, 2015, was timely. The Complaint named as defendants, among others, Hyundai Motor Company, Hyundai Motor

America, Hyundai America Technical Center, Inc., Hyundai Corporation (USA), and Hyundai

Eng America, Inc. as the "Hyundai Defendants."   The Complaint alleges the Hyundai Defendants

were liable because they "designed, tested, engineered, approved, manufactured, assembled,

supplied, marketed, distributed, and sold the Hyundai Accent and its components," Compl. ¶ 10,

including the car in which Schaaf was riding at the time of the accident.   One of the aspects of the

Accent that was alleged to be defective was the passenger side airbag system.   Compl. ¶ 35(g).

The Complaint also specifically named as defendants Key Safety Systems, Inc. and Key

Automotive of Florida, Inc. (the "Key Defendants") as the "Airbag Defendants," and sought to

hold them liable because they "designed, tested, engineered, approved, manufactured, assembled,

supplied, marketed, distributed, and sold front passenger side airbag systems and their components

for incorporation into Hyundai Accent vehicles," including the one at issue in this case.   Compl.

¶ 30.   The Complaint did not name Hyundai Mobis or its subsidiaries Mobis Alabama, LLC,

Mobis America, Inc., Mobis Parts America, LLC, Mobis Parts Miami, LLC, American Autoparts,

Inc., and Mobis North America, LLC ("Mobis subsidiaries").

     Schwaninger filed the First Amended Complaint on August 10, 2015, four days after the

expiration of the two-year statute of limitations.[1]   It makes the same allegations against the same

Hyundai Defendants, First Am. Compl. ¶¶ 10, 11, and adds Hyundai Mobis and the Mobis

subsidiaries as the "Airbag Defendants," along with the previously named Key Defendants.   First

Am. Compl. ¶ 41.   Again, it seeks to hold the Airbag Defendants liable because of the

malfunctioning airbag in the Accent.   First Am. Compl. ¶ 42.

---

[1] Schwaninger also filed a document captioned as "First Amended Complaint" on August 7, 2015
(Doc. 4).   It did not comply with Court rules and was replaced with an updated "First Amended
Complaint" on August 10, 2015 (Doc. 7).   Because the parties only discuss the August 10, 2015,
filing, and because both documents were filed beyond the expiration of the limitations period, the
distinction is immaterial, and the Court will only discuss the latter "First Amended Complaint."

The record reflects that the Mobis subsidiaries were served with process, including the First Amended Complaint (Docs. 10, 16-18, 58 & 59). The record also reflects that early on, Schwaninger began negotiating an agreement to "eliminate uninvolved parties and streamline this case for the remaining parties," Mobis Subsidiaries' Mot. Ext. Time (Doc. 61 at ¶ 4; Doc. 83 at ¶ 3; Doc. 87 at ¶ 3), by dismissing the Mobis subsidiaries from the case without prejudice in exchange for Hyundai Mobis' agreement to waive service of process and to have extended discovery deadlines (Doc. 80). It is inconceivable that Hyundai Mobis was not involved in these negotiations to waive its important international service of process rights. It is further inconceivable that Hyundai Mobis would have conducted such negotiations to "eliminate uninvolved parties and streamline the case" without knowing the allegations in the First Amended Complaint. The agreement apparently came to fruition because, on the same day, Schwaninger dismissed the Mobis subsidiaries without prejudice (Doc. 93), and Hyundai Mobis waived service (Doc. 95).

The Court now turns to the question of whether Hyundai Mobis has shown that the First Amended Complaint does not relate back to the Complaint. Federal Rule of Civil Procedure 15(c), governs relation back of amended pleadings for statute of limitations purposes:

> **(1) *When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
>> **(A)** the law that provides the applicable statute of limitations allows relation back;
>> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> **(ii)** *knew or should have known that the action would have been*

> *brought against it, but for a mistake concerning the proper party's identity.*

(emphasis added). The purpose of this rule is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010) (citing Advisory Committee's 1966 Notes 122; 3 Moore's Federal Practice §§ 15.02[1], 15.19[3][a] (3d ed.2009)). Illinois' relation back rule, 735 ILCS 5/2-616(d), is materially identical to the federal rule, so the Court need not consider it separately.[2]

Hyundai Mobis does not contest that the First Amended Complaint asserts a claim arising out of the same occurrence as the Complaint. The record further supports that Hyundai Mobis

---

[2] Illinois' rule states:

> (d) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b) [period in which a defendant can be served through reasonably diligent efforts], received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended.

735 ILCS 5/2-616(d).

received notice of the action within the time for serving summons such that it would not be prejudiced. Indeed, within that time frame, it participated in negotiations to streamline the case by eliminating uninvolved parties, which it could not have done without having learned of the First Amended Complaint and read it to assess which parties were "uninvolved" in the dispute. Hyundai Mobis disputes whether the "mistake clause" is satisfied, that is, whether Hyundai Mobis "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Hyundai Mobis argues the condition is not satisfied because in the Complaint, Schwaninger sued only the Key Defendants, which are unrelated to Hyundai Mobis, for the defective airbag in circumstances where Hyundai Mobis had no reason to know it was a mistake not to sue it. It argues Schwaninger made no mistake in the Complaint about the "proper party's identity."

On the other hand, Schwaninger argues that Hyundai Motor Company, named in the Complaint, knew Hyundai Mobis was the airbag supplier for the Accent Schaaf was in at the time of the accident and therefore should have known that Schwaninger had made a mistake by failing to name Hyundai Mobis in the Complaint. Schwaninger argues Hyundai Mobis should be charged with what Hyundai Motor Company should have known because of "its closely intertwined relationship and identity of interests with Hyundai Motor Company." Pl.'s Resp. to Def.'s Mot. Dism. 6 (Doc. 165).

Whether Hyundai Mobis knew or should have known that Schwaninger would have sued it in the Complaint but for a mistake concerning the proper party's identity is governed by the rule of *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010). In that case, a woman injured on a cruise sued defendant Costa Cruise, which she thought owned the ship. *Id.* at 543. Despite its being called to her attention numerous times, the plaintiff failed to amend the complaint to name the

7

related company that actually owned the ship, Costa Crociere, until months later. *Id.* 543-44.

The lower court held that the plaintiff did not make a mistake since she should have known the

proper defendant at the outset but instead intentionally chose to sue another party. *Id.* at 546.

The Supreme Court held that the critical question in deciding whether an amended

pleading relates back to the original pleading is "what the prospective *defendant* knew or should

have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the

time of filing her original complaint." *Id.* at 548. It concluded that, because it was clear from the

complaint that the plaintiff intended to sue the ship owner but was under the mistaken impression

that the owner was Costa Cruise, Costa Crociere should have known the reason it was not named

was because of "a mistake concerning the proper party's identity." *Id.* at 554-55. The Supreme

Court further noted – but did not rest its holding on – the fact that Costa Crociere had no reason to

think the plaintiff would have intended to sue an entity that did *not* own the ship, *id.* at 555, and

that the similarity in the names of the Costa entities should have caused Costa Crociere to suspect

a mistake, *id.* at 556. The Supreme Court therefore found that under Rule 15(c)(1), the

amendment related back. *Id.* at 557. The Supreme Court explained how the rule accommodates

the parties' competing interests:

> A prospective defendant who legitimately believed that the limitations period had
> passed without any attempt to sue him has a strong interest in repose. But repose
> would be a windfall for a prospective defendant who understood, or who should
> have understood, that he escaped suit during the limitations period only because the
> plaintiff misunderstood a crucial fact about his identity. Because a plaintiff's
> knowledge of the existence of a party does not foreclose the possibility that she has
> made a mistake of identity about which that party should have been aware, such
> knowledge does not support that party's interest in repose.

*Id.* at 550.

Hyundai Mobis has not shown that, under the rule of *Krupski*, the First Amended

Complaint does not relate back to the Complaint with respect to the claims against Hyundai Mobis

8

for a faulty airbag.   As in *Krupski*, it was clear from the Complaint that Schwaninger intended to sue the manufacturer of the airbag in the Accent in which Schaaf was riding at the time of her accident.   Hyundai Mobis had notice of Schwaninger's claims against the airbag manufacturer within the period allowed for service of process of the Complaint and, assuming it manufactured the subject airbag, it should have known the reason it was not named was because of Schwaninger's "mistake concerning the proper party's identity."[3]   These dispositive circumstances mirror those in *Krupski*.   And while it is true that there was no similarity of names as there often is in cases involving the "mistake clause" – the Key Defendants and Hyundai Mobis could hardly be confused with each other based on their names –that is just one factor that might be relevant to whether a defendant should have suspected a plaintiff made a mistake, but not a necessary factor.

For these reasons, the Court finds Hyundai Mobis has failed to show that Schwaninger's First Amended Complaint does not relate back to the Complaint and that it is therefore untimely Accordingly, the Court will deny Hyundai Mobis' motion to dismiss to the extent it relies on the statute of limitations.

B.      Statement of Claim

Hyundai Mobis argues that Schwaninger's pleading of Counts VII and VIII does not contain sufficient detail even to meet liberal federal notice pleading standard, instead pleading only conclusory statements.   It argues that her complaints of the overall design, assembly and testing of the Accent in which Schaaf was riding at the time of the accident and its components are too vague, and that the allegations specifically directed toward the airbag is too speculative, implausible and "sketchy" to give Hyundai Mobis notice of the claim against it.

---

[3] If it was not the manufacturer of the airbag, the Court hopes that Schwaninger will agree to voluntary dismissal as she has with other defendants who appear to be unconnected to this case (Docs. 56, 75, 93, 102 & 141) or that the matter can be quickly resolved on summary judgment.

Schwaninger notes that the standard for pleading in federal court remains notice pleading and argues that the First Amended Complaint satisfied this standard and gives Hyundai Mobis fair notice of her claims such that it can defend against them.   To the extent the Court disagrees with Schwaninger, she asks leave to amend her pleading.

The Court realizes that *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), tightened federal pleading standards to some degree by rejecting the more expansive interpretation of Federal Rule of Civil Procedure 8(a)(2) set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) – "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."   Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'"   *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 777 (7th Cir. 2007) (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard.   *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).   A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think:   What rule of law *requires* a complaint to contain that allegation?"   *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).   Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atl.*, 550 U.S. at 555.   If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject

to dismissal.  *Airborne Beepers*, 499 F.3d at 667.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

The Court has reviewed Counts VII and VIII of the First Amended Complaint, along with the general allegations preceding them, and finds they are sufficient to satisfy the requirements of Rule 8(a).  Schwaninger alleges Hyundai Mobis "designed, tested, engineered, approved, manufactured, assembled, supplied, marketed, distributed, and sold" the front passenger side airbag in the Accent in which Schaaf was riding at the time of the accident.  First Am. Compl. ¶ 41.  She alleges in some very general ways that Hyundai Mobis defectively designed and manufactured the airbag to be unreasonably dangerous and that it was negligent.  First Am. Compl. ¶¶ 143 & 158.  However, she also alleges defectiveness and negligence in a very specific: the airbag in the Accent unlocked the door latch, failed to restrain Schaaf in the vehicle, and caused her to be ejected from the vehicle during the accident.  First Am. Compl. ¶¶ 143(d) & 159(d).  Schwaninger alleges that these defects caused Schaaf injury and death.  First Am. Compl. ¶¶ 146-149 & 168-169.  She asserts Hyundai Mobis is liable under strict liability and negligence theories for the consequences of the alleged problems the airbag displayed during Schaaf's accident.

While Schwaninger's First Amended Complaint is not a fount of factual details, it is sufficient to inform Hyundai Mobis of what her claims are and the grounds on which they rest: the Accent had an airbag designed and manufactured by Hyundai Mobis that did not protect her in the car like it should have and, in fact, operated on the door latch system to increase the danger to which she was exposed.  Schwaninger's allegations go beyond speculation and plausibly suggest Schwaninger has a right to relief under strict liability and negligence theories if those allegations

are true. In the Court's experience, product liability pleadings in automobile accident cases are often pled without great detail; the plaintiff can identify a part (or more than one part) of the vehicle that failed to perform as she expected and that she believes caused her injury, but at the time of the pleading she does not know the details of the failure or its exact cause. Further factual detail can be – and surely will be – fleshed out during discovery once witnesses are deposed, documents and physical items are examined by experts, and a causal theory is clarified. At this point in the case, the level of factual detail Schwaninger has provided in the First Amended Complaint is typical and is clearly sufficient to allow Hyundai Mobis to defend the claims against it.

For this reason, the Court will deny Hyundai Mobis' motion to dismiss for insufficient factual pleading.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Hyundai Mobis' motion to dismiss (Doc. 161).

**IT IS SO ORDERED.**
**DATED:   June 29, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**